# DOCUMENTS FROM SUPERIOR COURT

DOCUMENT 1: *Barber v. District of Columbia Government*, No. 2017 CA 004840 B, Superior Court docket sheet

DOCUMENT 2: *Barber v. District of Columbia Government*, Complaint, Summons, and Initial Order

DOCUMENT 3: Waiver of service

District of Columbia Superior Court

## 2017 CA 004840 B BARBER, CLAUDIA A. Vs. DISTRICT OF COLUMBIA GOVERNMENT et al EW

| | | | | | |
|---|---|---|---|---|---|
| **Case Type** 07/11/2017 | Civil II | **Case Status:** | Open | **File Date:** | |
| **Action:** | Complaint for Declaratory Judgment Filed | **Status Date:** | 07/11/2017 | **Next Event:** | |
| 10/13/2017 | | | | | |

**All Information**  **Party**  **Event**  **Docket**  **Receipt**  **Disposition**

### Party Information

**BARBER, CLAUDIA A.** - Plaintiff

| | |
|---|---|
| **Disposition** | **Alias** |
| **Disp Date** | |
| | **Party Attorney** |
| | **Attorney**        BRANCH, DAVID A |

**DISTRICT OF COLUMBIA GOVERNMENT** - Defendant

| | |
|---|---|
| **Disposition** | **Alias** |
| **Disp Date** | |
| | **Party Attorney** |

**ADAMS, EUGENE** - Defendant

| | |
|---|---|
| **Disposition** | **Alias** |
| **Disp Date** | |
| | **Party Attorney** |

### Events

| Date/Time | Location | Type | Result | Event Judge |
|---|---|---|---|---|
| 10/13/2017 09:30 AM | Courtroom A-47 | Initial Scheduling Conference-60 | | |

### Docket Information

| Date | Docket Text | Image Avail. |
|---|---|---|
| 07/11/2017 | Complaint for Declaratory Judgment Filed  Receipt: 373176  Date: 07/17/2017 | |
| 07/17/2017 | Event Scheduled Event: Initial Scheduling Conference-60 Date: 10/13/2017   Time: 9:30 am Judge: WINGO, ELIZABETH   Location: Courtroom A-47 | |

| Date | Docket Text | Image Avail. |
|------|-------------|--------------|
| 07/17/2017 | Issue Date: 07/17/2017<br>Service: Summons Issued<br>Method: Service Issued<br>Cost Per: $<br><br>DISTRICT OF COLUMBIA GOVERNMENT<br>1350 Pennsylvania Avenue, NW<br>Suite 316<br>WASHINGTON, DC 20004<br>Tracking No: 5000191977<br><br>DISTRICT OF COLUMBIA GOVERNMENT<br>441 Fourth Street, NW, Suite 1100S<br>WASHINGTON, DC 20001<br>Tracking No: 5000191978<br><br>ADAMS, EUGENE<br>441 Fourth Street, NW, Suite 450N<br>WASHINGTON, DC 20001<br>Tracking No: 5000191979 | |

## Receipts

| Receipt Number | Receipt Date | Received From | Payment Amount |
|----------------|--------------|---------------|----------------|
| 373176 | 07/17/2017 | BRANCH, Mr DAVID A | $120.00 |
| | | | **$120.00** |

## Case Disposition

| Disposition | Date | Case Judge |
|-------------|------|------------|
| Undisposed | | |

Filed
D.C. Superior Court
07/18/2017 19:30PM
Clerk of the Court

**IN THE SUPERIOR COURT OF THE DISTRICT OF COLUMBIA**
**CIVIL DIVISION**

| | |
|---|---|
| **CLAUDIA A. BARBER** ) | |
| **10 OAK RUN ROAD** ) | |
| **LAUREL, MD 20724** ) | |
| ) | |
| *Plaintiff,* ) | |
| ) | |
| **v.** ) | |
| ) | **Jury Trial Demand** |
| **DISTRICT OF COLUMBIA GOVERNMENT** ) | |
| **441 Fourth Street, NW, Suite 1100S** ) | |
| **Washington, DC 20001** ) | |
| ) | **Civil Action No.:** 2017 CA 004840 B |
| **Serve on:** ) | |
| ) | |
| **Mayor Muriel Bowser** ) | |
| **1350 Pennsylvania Avenue, NW, Suite 316** ) | |
| **Washington, DC 20004** ) | |
| ) | |
| **Karl Racine, D.C. Attorney General** ) | |
| **441 Fourth Street, NW, Suite 1100S** ) | |
| **Washington, DC 20001** ) | |
| ) | |
| **and** ) | |
| ) | |
| **EUGENE ADAMS** ) | |
| **441 Fourth Street, NW, Suite 450N** ) | |
| **Washington, DC 20001** ) | |
| ) | |
| *Defendants.* ) | |

## PLAINTIFF'S COMPLAINT

Plaintiff Claudia A. Barber, by and through counsel, hereby files this Complaint against

Defendant the District of Columbia ("the District") and Eugene Adams ("Adams") (collectively

the "Defendants") and for her Complaint states as follows.

1.      Plaintiff Barber seeks relief pursuant to Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §§ 2000e *et seq.* ("Title VII") and the District of Columbia Human Rights Act, D.C. Code §§ 2-1401 *et seq.* ("DCHRA"), including but not limited to declaratory, injunctive and other equitable relief, compensatory damages, litigation expenses and reasonable attorneys' fees, based on Defendants' violation of Plaintiff's rights.

## Jurisdiction and Venue

2.      This court has jurisdiction over the subject matter of this complaint pursuant to D.C. Code § 11-921 and *Yellow Freight Systems v. Donnelly*, 494 U.S. 820 (1990).

3.      Plaintiff has exhausted all administrative remedies prior to filing suit.

4.      Venue is proper in this court in that all or some events or omissions giving rise to Plaintiff's claims occurred in this judicial district and Defendants may be found in this judicial district.

## Parties

5.      Plaintiff Claudia A. Barber, an African American woman, was a former Administrative Law Judge ("ALJ") at the District of Columbia Office of Administrative Hearings ("OAH"). She is a citizen of the United States and a resident of the state of Maryland.

6.      The District of Columbia ("the District") is a municipal government. Defendant the District is an employer within the meaning of Title VII and the DCHRA. Defendant Adams is the Chief Administrative Law Judge of OAH. Defendant Adams is an employer within the meaning of the DCHRA. Defendant Adams is being sued in his individual and official capacities.

2

**Factual Allegations**

7.      Plaintiff Claudia A. Barber, an African American dark skinned woman, was employed as an ALJ at the OAH from August 15, 2005 through August 2, 2016. Throughout her tenure, she met and/or exceeded performance expectations for her position.

8.      In February 2014, Wanda Tucker, an African American medium brown, became the Interim Chief Administrative Law Judge and Plaintiff Barber's supervisor. On November 7, 2014, Plaintiff Barber made an internal complaint to Ms. Tucker that there was a disparity in the complexity of cases assigned to the Caucasian ALJs versus the African American ALJs. The African American ALJs routinely received less complex and less serious cases than their Caucasian counterparts. For example, all the nursing board cases were assigned to Caucasian judges, and Plaintiff Barber had not received a nursing board case since 2010. Elizabeth Figueroa, a Caucasian Principal Administrative Law Judge ("PALJ"), assigned these nursing board cases during the relevant period and did not assign Plaintiff Barber a nursing board case, until after Plaintiff Barber highlighted the disparity to PALJ Figueroa. Approximately three days after her complaint to Ms. Tucker, on November 10, 2014, Plaintiff Barber was not assigned to a PALJ position to fill a vacancy, even though she was routinely assigned to an acting PALJ position to fill vacancies from 2005 to November 2014.

9.      There are approximate six PALJs and over twenty ALJs within the OAH.  During Chief Judge Tyrone Butler's and Chief Judge Mary Oates Walker's tenures, PALJs received a higher salary than ALJs.  In addition, PALJs have supervisory duties beyond that of the ALJs, such as approving payroll, approving annual and sick leave taken by ALJs, assigning complex cases to ALJs, and preparing and signing ALJs' performance evaluations. The PALJ is in charge of a cluster of jurisdictions within the OAH and the ALJs are assigned to that group and report to the

PALJ.  Being routinely assigned to an acting PALJ position increases the chance that the ALJ would be promoted to a PALJ, as was done in the case of former PALJ Louis Burnett (Caucasian male).

10.     On December 2, 2014, two PALJs were demoted to ALJs. However, they were allowed to keep the salary of a PALJ, which was approximately $3,000 more than an ALJ. Plaintiff Barber, an African American woman, was then paid less than at least one Caucasian male ALJ colleague, Robert Sharkey.

11.     On or about December 2, 2014, Ms. Tucker selected and appointed Scott Harvey, a Caucasian, to the vacant PALJ position covering the jurisdictions of the Department of Consumer and Regulatory Affairs, Office of Planning, Department of Insurance and Banking, Department of Small and Disadvantage Businesses, and Office of Tax and Revenue cases without previously notifying the ALJs of the vacancy. Plaintiff Barber was denied the opportunity to apply to this PALJ position.

12.     PALJ Harvey took several days of leave in December 2014 and only selected a Caucasian ALJ, Mary Masulla, to be the acting PALJ each time. He asked Caucasian ALJs Nicholas Cobbs and Margaret Mangan, who were junior to the jurisdiction, to be his acting PALJ, even though more senior African American ALJs were available to be acting PALJ. ALJ Cobbs had made racial comments in team meetings in the past. For example, he publicly referred to the African American employees as "darkies" in a training setting in or around September 2014. On December 29, 2014, Mr. Harvey again chose a Caucasian ALJ, Mary Masulla, as his substitute, and Plaintiff Barber asked him about his choice. Mr. Harvey told Plaintiff Barber not to question his decisions.

13.     Mr. Harvey served as the PALJ until the end of January 2015. Ms. Tucker left the PALJ position open after Mr. Harvey left the position, even though Plaintiff Barber expressed interest in

being placed in the position. Ms. Tucker then announced the open PALJ position to all ALJs. As part of the announcement, she instituted unreasonable selection criteria in an effort to disqualify and retaliate against Plaintiff. Plaintiff Barber believes that the standard was to discourage and eliminate African American ALJs from applying for the open position; indeed, ALJ Audrey Jenkins did not apply to the position. When Plaintiff Barber expressed her interest, Ms. Tucker made her take the equivalent of a literacy test, which Plaintiff Barber found humiliating. When Plaintiff Barber submitted her application, she received no response from Ms. Tucker in spite of her request to urgently submit a completed application. Instead, Paul Handy, a Caucasian, was selected for the PALJ position.

14.     On or around March 9, 2015, Plaintiff Barber filed a formal charge of discrimination with the D.C. Office of Human Rights, which was cross-filed with the U.S. Equal Employment Opportunity Commission ("EEOC"). She alleged discrimination based on her race and color and retaliation due to her complaints.

15.     In April 2015, Defendant Adams became the Chief Administrative Law Judge and Plaintiff Barber's supervisor. He learned of her EEO case against Ms. Tucker shortly after he became the chief.  On information and belief, Defendant Adams was advised to retaliate against Plaintiff Barber and sought to force Plaintiff Barber's resignation.

16.     Due to the demonstrated limitation in advancement opportunities within the OAH, Plaintiff Barber began contemplating whether she would and could become a candidate for a judge position at the Circuit Court for Anne Arundel County.

17.     On January 20, 2016, Plaintiff Barber filed with the State of Maryland a Certificate of Candidacy for a Judge of the Circuit Court for the Fifth Judicial Circuit, which is Anne Arundel County. In the Certificate, Plaintiff Barber listed her Party Affiliation as "Judicial."

18.     In January 2016, Defendant Adams announced a new plan for the fair selection of PALJs. OAH planned to promote those ALJs who volunteer to be PALJs alphabetically, thus Plaintiff Barber should be the next ALJ to be promoted to PALJ. In February 2016, Defendant Adams instead promoted a Caucasian ALJ, Sharon Goodie, to PALJ and ignored the selection plan adopted by OAH in January 2016. The selected ALJ was less qualified than Plaintiff Barber. This selection was the third time a less qualified Caucasian ALJ was selected for a PALJ position over Plaintiff Barber.

19.     On February 12, 2016, Plaintiff Barber completed a portion of her morning docket when General Counsel Vanessa Natale and Attorney Advisor Louis Neal came to her office. At this meeting, Plaintiff Barber was given a letter with the subject: Notice of Violation—the Code of Ethics for OAH Administrative Law Judges, issued by Chief Administrative Law Judge Adams, with no appeal rights, and which bypassed all protocol established under Title 6B DCMR Chapter 37, governing disciplinary action taken against ALJs. In the Notice of Violation, Chief Administrative Law Judge Adams stated that he had unilaterally determined that Plaintiff Barber violated Section V(U) of the Code of Ethics for OAH Administrative Law Judges, and that Plaintiff Barber's pursuit of the judgeship in Maryland violated several other rules governing the conduct of ALJs at OAH, including Sections I(A), II(D) and V(V). Chief Administrative Law Judge Adams stated that the Maryland State Board of Elections confirmed that Plaintiff Barber was a candidate in a party primary scheduled for April 26, 2016 and the primary is viewed as a partisan election. He noted that Plaintiff Barber would appear as a candidate for Circuit Court Judge in both the Republican and Democratic primaries and both primaries are exclusive to the respective party and exclude unaffiliated and third party voters, and by participating on these party tickets, Plaintiff Barber violated Section V(U) of the OAH Code of Ethics. Chief Administrative Law Judge Adams

6

cited the Maryland Court of Appeals decision, *Suessmann v. Lamone*, 862 A.2d 1 (Md. 2004), for the contention that a judicial election is partisan. Chief Administrative Law Judge Adams further commented that Plaintiff Barber had an obligation to uphold the integrity and independence of the agency. Even though Plaintiff Barber had contacted Brian Flowers, General Counsel at the District of Columbia Board of Ethics and Government Accountability ("BEGA"), and the Chair of the District of Columbia Commission on Selection and Tenure ("The COST"), Yvonne Williams, to obtain an opinion on whether or not an ALJ at OAH can run in a judicial election for a judicial vacancy without resigning as an ALJ, Chief Administrative Law Judge asserted that Plaintiff Barber made no additional effort to determine whether the election was partisan. Chief Administrative Law Judge Adams claimed there was clear case law that would have provided guidance. Finally, Chief Administrative Law Judge Adams noted that Plaintiff Barber's campaign website represented that she had received the highest ratings for all years as an ALJ, and stated that he believed that Plaintiff Barber used her ALJ position for her private interests.

20.     During the February 12, 2016 meeting, Plaintiff Barber was told by Ms. Natale that she could immediately resign from her position. Plaintiff Barber stated that she had not done anything wrong and would not resign. She was again encouraged to think about resigning, and Plaintiff Barber emphatically stated she would not resign. Plaintiff Barber inquired if she could work the remainder of the day and conclude matters, and she was told that she would be permitted to work for the rest of the day. Five minutes later, Ms. Natale returned and abruptly informed her that she must leave the office immediately. Plaintiff Barber was escorted out of the OAH offices by Mr. Neal in front of her colleagues and subordinates. She was also asked to remove all property from her office immediately, even though the COST had made no determination on Adams' Notice of Violation, and the Notice of Violation violated all established protocal for ALJs.

21.     On February 16, 2016, Chief Administrative Law Judge Adams sent a letter to The COST Commissioners advising that he placed Plaintiff Barber on administrative leave with pay after demanding her resignation and that Plaintiff Barber refused to resign from her position. As a result of Plaintiff Barber refusing to resign from her position, Chief Administrative Law Judge Adams requested that the Commissioners consider his letter as a proposal to terminate Plaintiff Barber from her position. Plaintiff Barber was not given notice of any violations or charges or an opportunity to respond to any alleged violations before the letter was sent to The COST. After February 16, 2016, Plaintiff Barber sent a number of emails to The COST regarding her response to the Notice of Violation.

22.     On July 13, 2016, The COST convened a hearing without giving Plaintiff an opportunity to meet with COST as allowed by 6B DCMR 3730.6. The COST excluded all witness testimony and only received testimony from Plaintiff Barber, and not her expert witnesses or other relevant witnesses, including former Chief Tyrone Butler, who promulgated the OAH Ethics Code. This was a per se violation of 6B DCMR 3735.14.

23.     On August 2, 2016, The COST issued an Order finding that Plaintiff Barber violated Section V(U) of the OAH Code of Ethics, and immediately removed her from her position as an administrative law judge. Plaintiff Barber was not provided any information on her appeal rights.

24.     Following ALJ's Barber's termination and thirty days before the general election, Defendant Adams and his general counsel, Vanessa Natale, strategically filed allegations of ethical violations of dishonesty against Plaintiff with the District of Columbia Disciplinary Counsel and the Maryland Attorney Grievance Commission on September 27, 2016, and provided incomplete documents and misstated and misrepresented facts with the intent that the complaints would result

8

in disciplinary action being taken against Plaintiff and would damage her personal and professional reputation.

25.     In or around September 2016, Plaintiff Barber again filed a charge of discrimination with the D.C. Office of Human Rights, which was cross-filed with the EEOC, alleging race discrimination and retaliation. Plaintiff Barber received Notice of Right to Sue letters for both administrative complaints on April 12, 2017.

## COUNT I

**Violation of the District of Columbia Human Rights Act**
**D.C. Code §§ 2-1401 *et seq.***
**(Discrimination based on Race and Color)**
**(*Barber v. Defendants The District of Columbia and Adams*)**

26.     Plaintiff realleges and incorporates by reference paragraphs 1 through 25 above as if set forth fully herein.

27.     At all pertinent times, Defendants the District and Adams were employers within the meaning of the DCHRA.

28.     At all pertinent times, Plaintiff was entitled to protection under the DCHRA.

29.     The DCHRA prohibits discrimination in employment based on an individual's race and color.

30.     Defendants, in violation of the DCHRA, knowingly and intentionally engaged in unlawful discrimination against Plaintiff based on her race and color. Specifically, Defendants gave Plaintiff Barber less complex case assignments than her Caucasian colleagues; passed her over for the PALJ and Acting PALJ positions for a less qualified Caucasian colleague; promoted less qualified Caucasian ALJs to PALJ positions over her in December 2014, February 2015 and February 2016; required only Plaintiff to take a literacy test to humiliate her; deviated from the Agency's own selection policy to promote a less qualified Caucasian ALJ in February 2016; directed her to resign

and proposed her for termination in February 2016; placed her on administrative leave in February 2016; and caused her to be terminated from OAH in August 2016. Defendant Adams had *ex parte* communications with the COST in May 2016 and was involved in and responsible for Plaintiff's termination in August 2016, and he filed false and misleading ethical violations of dishonesty against Plaintiff with the District of Columbia Disciplinary Counsel and the Maryland Attorney Grievance Commission in September 2016 with the intent to permanently damage her judicial career and future employment prospects.

31.     As a result of such acts, Plaintiff has suffered damages.

32.     Defendants had no legitimate business reason for any such acts.

33.     Plaintiff believes that in addition to the facts enumerated above, Defendants may have engaged in other discriminatory practices that are not yet fully known.

## COUNT II

### Violation of the District of Columbia Human Rights Act
### D.C. Code §§ 2-1401 *et seq.*
### (Retaliation)
### (*Barber v. Defendants The District of Columbia and Adams*)

34.     Plaintiff realleges and incorporates by reference paragraphs 1 through 33 above as if set forth fully herein.

35.     At all pertinent times, Defendants the District and Adams were employers within the meaning of the DCHRA.

36.     At all pertinent times, Plaintiff was entitled to protection under the DCHRA.

37.     The DCHRA prohibits retaliation for engaging in protected activity.

38.     Plaintiff engaged in protected activity when she complained about racial discrimination to Ms. Tucker in November 2014, complained about discrimination and/or objected to discriminatory practices to a PALJ in December 2014, and filed a formal charge of discrimination and retaliation

with the D.C. Office of Human Rights and the EEOC in March 2015. Defendant Adams became aware of Plaintiff Barber's formal charge of discrimination by April 2015.

39.     Defendants, in violation of the DCHRA, knowingly and intentionally engaged in unlawful retaliation against Plaintiff. Specifically, Defendants gave Plaintiff Barber less complex case assignments; passed her over for the Acting PALJ position for a less qualified colleague less than three days after her November 2014 complaint of discrimination; paid her less than other ALJs, including Erika Pierson and Steve Wellner; promoted less qualified ALJs to PALJ positions over her in December 2014 and February 2015; required Plaintiff to take a literacy test to humiliate her; deviated from the Agency's own selection policy to promote a less qualified ALJ in February 2016; directed her to resign and proposed her for termination in February 2016; placed her on administrative leave in February 2016 before COST met to consider instituting formal proceedings against Plaintiff, which is a per se violation of  6B DCMR 3734.6; denied her due process before and during the removal proceedings by refusing to allow any of her witnesses to testify, and refusing to provide her appeal rights; and caused her to be terminated from OAH in August 2016. Defendant Adams had *ex parte* communications with the COST in May 2016 and was involved in and responsible for Plaintiff's termination in August 2016, and he filed false and misleading ethical violations of dishonesty against Plaintiff with the District of Columbia Disciplinary Counsel and the Maryland Attorney Grievance Commission in September 2016.

40.     As a result of such acts, Plaintiff has suffered damages.

41.     Defendants had no legitimate business reason for any such acts.

42.     Plaintiff believes that in addition to the facts enumerated above, Defendants may have engaged in other retaliatory practices that are not yet fully known.

## COUNT III

**Violation of Title VII of the Civil Rights Act of 1964, as amended**
**42 U.S.C. §§ 2000e *et seq.***
**(Race and Color Discrimination)**
**(*Barber v. The District of Columbia*)**

43.     Plaintiff realleges and incorporates by reference paragraphs 1 through 42 above as if set forth fully herein.

44.     Title VII of the Civil Rights Act of 1964 states it is an unlawful employment practice for an employer to fail or refuse to hire or to discharge any individual, or otherwise to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race or color.

45.     At all pertinent times, the Defendant the District was an employer subject to provisions of Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e *et seq.*

46.     At all pertinent times, Plaintiff was an employee entitled to protection under Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e *et seq.*

47.     In violation of Title VII of the Civil Right Act of 1964, 42 U.S.C. §§ 2000e *et seq.*, Defendant the District knowingly and intentionally engaged in unlawful discrimination against Plaintiff based on her race and color.  Specifically, Defendant the District, through its agents, gave Plaintiff Barber less complex case assignments than her Caucasian colleagues; passed her over for the PALJ position in the Regulatory and Tax affairs jurisdictions and passed her over for an Acting PALJ position for a less qualified Caucasian colleague; paid her less than Caucasian ALJs; promoted less qualified Caucasian ALJs to PALJ positions over her in December 2014 and February 2015; required Plaintiff to take a literacy test to humiliate her; deviated from the Agency's own selection policy to promote a less qualified Caucasian ALJ in February 2016; directed her to resign and proposed her for termination in February 2016; placed her on administrative leave in February and March 2016; caused her to be terminated from OAH in

12

August 2016; and caused false and misleading ethical violations of dishonesty against Plaintiff to be filed with the District of Columbia Disciplinary Counsel and the Maryland Attorney Grievance Commission in September 2016.

48.     As a result of such acts, Plaintiff has suffered damages.

49.     Defendant the District had no legitimate business reason for any such acts.

50.     Plaintiff believes that in addition to the facts enumerated above, Defendant the District may have engaged in other discriminatory practices that are not yet fully known.

<u>COUNT IV</u>

**Violation of Title VII of the Civil Rights Act of 1964, as amended**
**42 U.S.C. §§ 2000e *et seq.***
**(Retaliation)**
***(Barber v. The District of Columbia)***

51.     Plaintiff realleges and incorporates by reference paragraphs 1 through 50 above as if set forth fully herein.

52.     Title VII of the Civil Rights Act of 1964 states it is an unlawful employment practice for an employer to fail or refuse to hire or to discharge any individual, or otherwise to retaliate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because such individual filed a complaint of discrimination.

53.     At all pertinent times, the Defendant the District was an employer subject to provisions of Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e *et seq.*

54.     At all pertinent times, Plaintiff was an employee entitled to protection under Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e *et seq.*

55.     Plaintiff engaged in protected activity when she complained about racial discrimination to Ms. Tucker in November 2014, complained about discrimination and/or objected to discriminatory practices to a PALJ in December 2014, and filed a formal charge of discrimination and retaliation

13

with the D.C. Office of Human Rights and the EEOC in March 2015. Defendant Adams was aware of Plaintiff Barber's formal charge of discrimination by April 2015 and recommended her forced resignation in May 2015.

56.     In violation of Title VII of the Civil Right Act of 1964, 42 U.S.C. §§ 2000e *et seq.*, Defendant the District knowingly and intentionally engaged in unlawful retaliation against Plaintiff. Specifically, Defendant the District, through its agents, gave Plaintiff Barber less complex case assignments; passed her over for the Acting PALJ position for a less qualified colleague less than three days after her November 2014 complaint of discrimination; paid her less than other ALJs who reverted back to their ALJ positions; promoted less qualified ALJs to PALJ positions over her in December 2014 and February 2015; required Plaintiff to take a literacy test to humiliate her; deviated from the Agency's own selection policy to promote a less qualified ALJ in February 2016; directed her to resign and proposed her for termination in February 2016; placed her on administrative leave in March 2016; caused her to be terminated from OAH in August 2016; and caused false and misleading ethical violations of dishonesty against Plaintiff to be filed with the District of Columbia Disciplinary Counsel and the Maryland Attorney Grievance Commission in September 2016.

57.     As a result of such acts, Plaintiff has suffered damages.

58.     Defendant the District had no legitimate business reason for any such acts.

59.     Plaintiff believes that in addition to the facts enumerated above, Defendant the District may have engaged in other discriminatory practices that are not yet fully known.

**<u>Prayer for Relief</u>**

WHEREFORE, Plaintiff Claudia Barber prays as follows:

14

A.      That the court issue an Order declaring Defendants' actions to be a violation of the District of Columbia Human Rights Act, D.C. Code §§ 2-1401 *et seq*., Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §§ 2000e *et seq.*, and the Civil Rights Act of 1991, 42 U.S.C. § 1981 and declaring Plaintiff eligible to receive equitable and other relief;

B.      Enter judgment against the Defendants individually in an amount to be determined at trial;

C.      Order Defendant District of Columbia Government to reinstate Plaintiff to the same position as before her termination;

D.      Issue a permanent injunction prohibiting Defendants from engaging in any discriminatory acts;

E.      Enter judgment in favor of Plaintiff against Defendants for all equitable monetary damages available under the law, including but not limited to back pay and front pay in amounts to be determined at trial;

F.      Order Defendants to refrain from any retaliation against Plaintiff or any other person for participating in or supporting this case in any manner;

G.      Order Defendants to pay compensatory damages in amounts to be determined at trial;

H.      Order Defendants to pay Plaintiff's reasonable attorneys' fees, expert fees, and costs; and

I.      Order Defendants to pay pre-judgment and post-judgment interest as provided by law.

## **Jury Trial Demand**

Plaintiff demands a jury trial on all counts.

Respectfully submitted,


_____/s/_____
David A. Branch #438764
Law Office of David A. Branch &

15

Associates, PLLC
1828 L Street NW, Suite 820
Washington, DC 20036
(202) 785-2805 phone
(202) 785-0289 fax
davidbranch@dbranchlaw.com



**Superior Court of the District of Columbia**
**CIVIL DIVISION**
500 Indiana Avenue, N.W., Suite 5000
Washington, D.C. 20001 Telephone: (202) 879-1133

Claudia A. Barber
_____
                                    Plaintiff

vs.                                             Case Number   **2017 CA 004840 B**

Eugene Adams
_____
                                    Defendant

                                    Serve on:
                                    Eugene Adams
                                    441 Fourth Street, NW, Suite 450N
                                    Washington, DC 20001

**SUMMONS**

To the above named Defendant:

    You are hereby summoned and required to serve an Answer to the attached Complaint, either personally or through an attorney, within twenty (20) days after service of this summons upon you, exclusive of the day of service.  If you are being sued as an officer or agency of the United States Government or the District of Columbia Government, you have sixty (60) days after service of this summons to serve your Answer.  A copy of the Answer must be mailed to the attorney for the party plaintiff who is suing you.  The attorney's name and address appear below.  If plaintiff has no attorney, a copy of the Answer must be mailed to the plaintiff at the address stated on this Summons.

    You are also required to file the original Answer with the Court in Suite 5000 at 500 Indiana Avenue, N.W., between 8:30 a.m. and 5:00 p.m., Mondays through Fridays or between 9:00 a.m. and 12:00 noon on Saturdays. You may file the original Answer with the Court either before you serve a copy of the Answer on the plaintiff or within five (5) days after you have served the plaintiff. If you fail to file an Answer, judgment by default may be entered against you for the relief demanded in the complaint.

David A. Branch                                 _Clerk of the Court_
_____
Name of Plaintiff's Attorney

1828 L Street, NW, Suite 820                    By _____
_____
Address                                              Deputy Clerk
Washington, DC 20036

(202) 785-2805                                  Date  **07/17/2017**
_____
Telephone

如需翻译,请打电话 (202) 879-4828        Veuillez appeler au (202) 879-4828 pour une traduction    Để có một bài dịch, hãy gọi (202) 879-4828

번역을 원하시면, (202) 879-4828 로 전화하십시요      የአማርኛ ትርጉም ከፈለጉ (202) 879-4828 ይደውሉ


    IMPORTANT:  IF YOU FAIL TO FILE AN ANSWER WITHIN THE TIME STATED ABOVE, OR IF, AFTER YOU ANSWER, YOU FAIL TO APPEAR AT ANY TIME THE COURT NOTIFIES YOU TO DO SO, A JUDGMENT BY DEFAULT MAY BE ENTERED AGAINST YOU FOR THE MONEY DAMAGES OR OTHER RELIEF DEMANDED IN THE COMPLAINT.  IF THIS OCCURS, YOUR WAGES MAY BE ATTACHED OR WITHHELD OR PERSONAL PROPERTY OR REAL ESTATE YOU OWN MAY BE TAKEN AND SOLD TO PAY THE JUDGMENT.  IF YOU INTEND TO OPPOSE THIS ACTION, _DO NOT FAIL TO ANSWER WITHIN THE REQUIRED TIME._

    If you wish to talk to a lawyer and feel that you cannot afford to pay a fee to a lawyer, promptly contact one of the offices of the Legal Aid Society (202-628-1161) or the Neighborhood Legal Services (202-279-5100) for help or come to Suite 5000 at 500 Indiana Avenue, N.W., for more information concerning places where you may ask for such help.

See reverse side for Spanish translation
Vea al dorso la traducción al español

FORM SUMMONS - Jan. 2011                                                                          CASUM.doc





**TRIBUNAL SUPERIOR DEL DISTRITO DE COLUMBIA**
DIVISIÓN CIVIL
500 Indiana Avenue, N.W., Suite 5000
Washington, D.C. 20001 Teléfono: (202) 879-1133

_____
                                    Demandante
        contra

                                            Número de Caso: _____
_____
                                    Demandado

## CITATORIO

Al susodicho Demandado:

      Por la presente se le cita a comparecer y se le require entregar una Contestación a la Demanda adjunta, sea en persona o por medio de un abogado, en el plazo de veinte (20) días contados después que usted haya recibido este citatorio, excluyendo el día mismo de la entrega del citatorio.  Si usted está siendo demandado en calidad de oficial o agente del Gobierno de los Estados Unidos de Norteamérica o del Gobierno del Distrito de Columbia, tiene usted sesenta (60) días contados después que usted haya recibido este citatorio, para entregar su Contestación.  Tiene que enviarle por correo una copia de su Contestación al abogado de la parte demandante.  El nombre y dirección del abogado aparecen al final de este documento.  Si el demandado no tiene abogado, tiene que enviarle al demandante una copia de la Contestación  por correo a la dirección que aparece en este Citatorio.

      A usted también se le require presentar la Contestación original al Tribunal en la Oficina 5000, sito en 500 Indiana Avenue, N.W., entre las 8:30 a.m. y 5:00 p.m., de lunes a viernes o entre las 9:00 a.m. y las 12:00 del mediodía los sábados.  Usted puede presentar la Contestación original ante el Juez ya sea antes que Usted le entregue al demandante una copia de la Contestación o en el plazo de cinco (5) días de haberle hecho la entrega al demandante.  Si usted incumple con presentar una Contestación, podría dictarse un fallo en rebeldía contra usted para que se haga efectivo el desagravio que se busca en la demanda.

_____              *SECRETARIO DEL TRIBUNAL*
Nombre del abogado del Demandante

_____       Por: _____
Dirección                                                              Subsecretario

_____       Fecha _____
Teléfono
如需翻译,请打电话 (202) 879-4828        Veuillez appeler au (202) 879-4828 pour une traduction        Để có một bài dịch, hãy gọi (202) 879-4828
번역을 원하시면, (202) 879-4828 로 전화주십시오        የአማርኛ ትርጉም ከፈለጉ (202) 879-4828 ይደውሉ

      IMPORTANTE:  SI USTED INCUMPLE CON PRESENTAR UNA CONTESTACIÓN EN EL PLAZO ANTES MENCIONADO, O, SI LUEGO DE CONTESTAR, USTED NO COMPARECE CUANDO LE AVISE EL JUZGADO, PODRÍA DICTARSE UN FALLO EN REBELDÍA CONTRA USTED PARA QUE SE LE COBRE LOS DAÑOS Y PERJUICIOS U OTRO DESAGRAVIO QUE SE BUSQUE EN LA DEMANDA.  SI ESTO OCURRE, PODRÍAN RETENERLE SUS INGRESOS, O PODRÍAN TOMAR SUS BIENES PERSONALES O RAÍCES Y VENDERLOS PARA PAGAR EL FALLO.  SI USTED PRETENDE OPONERSE A ESTA ACCIÓN, *NO DEJE DE CONTESTAR LA DEMANDA DENTRO DEL PLAZO EXIGIDO*.

      Si desea conversar con un abogado y le parece que no puede afrontar el costo de uno, llame pronto a una de nuestras oficinas del Legal Aid Society (202-628-1161) o el Neighborhood Legal Services (202-279-5100) para pedir ayuda o venga a la Oficina 5000 del 500 Indiana Avenue, N.W., para informarse de otros lugares donde puede pedir ayuda al respecto.

Vea al dorso el original en inglés
See reverse side for English original

CASUM.doc



**Superior Court of the District of Columbia**
CIVIL DIVISION
500 Indiana Avenue, N.W., Suite 5000
Washington, D.C. 20001 Telephone: (202) 879-1133

Claudia A. Barber
_____
                              Plaintiff

vs.                                          Case Number   **2017 CA 004840 B**
                                                        _____

District of Columbia Government
_____
                              Defendant      Serve on:
                                             Karl Racine, D.C. Attorney General
                            **SUMMONS**      441 Fourth Street, NW, Suite 1100S
                                             Washington, DC 20001

To the above named Defendant:

    You are hereby summoned and required to serve an Answer to the attached Complaint, either personally or through an attorney, within twenty (20) days after service of this summons upon you, exclusive of the day of service.  If you are being sued as an officer or agency of the United States Government or the District of Columbia Government, you have sixty (60) days after service of this summons to serve your Answer.  A copy of the Answer must be mailed to the attorney for the party plaintiff who is suing you.  The attorney's name and address appear below.  If plaintiff has no attorney, a copy of the Answer must be mailed to the plaintiff at the address stated on this Summons.

    You are also required to file the original Answer with the Court in Suite 5000 at 500 Indiana Avenue, N.W., between 8:30 a.m. and 5:00 p.m., Mondays through Fridays or between 9:00 a.m. and 12:00 noon on Saturdays. You may file the original Answer with the Court either before you serve a copy of the Answer on the plaintiff or within five (5) days after you have served the plaintiff. If you fail to file an Answer, judgment by default may be entered against you for the relief demanded in the complaint.

David A. Branch                                        _Clerk of the Court_
_____
Name of Plaintiff's Attorney

1828 L Street, NW, Suite 820              By _____
_____
Address
Washington, DC 20036

(202) 785-2805                            Date   **07/17/2017**
_____
Telephone
如需翻译,请打电话 (202) 879-4828      Veuillez appeler au (202) 879-4828 pour une traduction    Để có một bài dịch, hãy gọi (202) 879-4828

번역을 원하시면, (202) 879-4828 로 전화하십시오    የአማርኛ ትርጉም ስማዘረጃ (202) 879-4828 ይደውሉ

    IMPORTANT:  IF YOU FAIL TO FILE AN ANSWER WITHIN THE TIME STATED ABOVE, OR IF, AFTER YOU ANSWER, YOU FAIL TO APPEAR AT ANY TIME THE COURT NOTIFIES YOU TO DO SO, A JUDGMENT BY DEFAULT MAY BE ENTERED AGAINST YOU FOR THE MONEY DAMAGES OR OTHER RELIEF DEMANDED IN THE COMPLAINT.  IF THIS OCCURS, YOUR WAGES MAY BE ATTACHED OR WITHHELD OR PERSONAL PROPERTY OR REAL ESTATE YOU OWN MAY BE TAKEN AND SOLD TO PAY THE JUDGMENT.  IF YOU INTEND TO OPPOSE THIS ACTION, _DO NOT FAIL TO ANSWER WITHIN THE REQUIRED TIME._

    If you wish to talk to a lawyer and feel that you cannot afford to pay a fee to a lawyer, promptly contact one of the offices of the Legal Aid Society (202-628-1161) or the Neighborhood Legal Services (202-279-5100) for help or come to Suite 5000 at 500 Indiana Avenue, N.W., for more information concerning places where you may ask for such help.

See reverse side for Spanish translation
Vea al dorso la traducción al español

FORM SUMMONS - Jan. 2011                                                    CASUM.doc





# TRIBUNAL SUPERIOR DEL DISTRITO DE COLUMBIA
## DIVISIÓN CIVIL
### 500 Indiana Avenue, N.W., Suite 5000
### Washington, D.C. 20001 Teléfono: (202) 879-1133

_____
Demandante

contra

Número de Caso: _____

_____
Demandado

## CITATORIO

Al susodicho Demandado:

Por la presente se le cita a comparecer y se le require entregar una Contestación a la Demanda adjunta, sea en persona o por medio de un abogado, en el plazo de veinte (20) días contados después que usted haya recibido este citatorio, excluyendo el día mismo de la entrega del citatorio. Si usted está siendo demandado en calidad de oficial o agente del Gobierno de los Estados Unidos de Norteamérica o del Gobierno del Distrito de Columbia, tiene usted sesenta (60) días contados después que usted haya recibido este citatorio, para entregar su Contestación. Tiene que enviarle por correo una copia de su Contestación al abogado de la parte demandante. El nombre y dirección del abogado aparecen al final de este documento. Si el demandado no tiene abogado, tiene que enviarle al demandante una copia de la Contestación por correo a la dirección que aparece en este Citatorio.

A usted también se le require presentar la Contestación original al Tribunal en la Oficina 5000, sito en 500 Indiana Avenue, N.W., entre las 8:30 a.m. y 5:00 p.m., de lunes a viernes o entre las 9:00 a.m. y las 12:00 del mediodía los sábados. Usted puede presentar la Contestación original ante el Juez ya sea antes que Usted le entregue al demandante una copia de la Contestación o en el plazo de cinco (5) días de haberle hecho la entrega al demandante. Si usted incumple con presentar una Contestación, podría dictarse un fallo en rebeldía contra usted para que se haga efectivo el desagravio que se busca en la demanda.

_____
Nombre del abogado del Demandante

_____
Dirección

_____

_____
Teléfono

*SECRETARIO DEL TRIBUNAL*

Por: _____
Subsecretario

Fecha _____

如需翻译,请打电话 (202) 879-4828     Veuillez appeler au (202) 879-4828 pour une traduction     Để có một bài dịch, hãy gọi (202) 879-4828

번역을 원하시면, (202) 879-4828 로 전화주십시요     የአማርኛ ትርጉም ከፈለጉ (202) 879-4828 ይደውሉ

IMPORTANTE: SI USTED INCUMPLE CON PRESENTAR UNA CONTESTACIÓN EN EL PLAZO ANTES MENCIONADO, O, SI LUEGO DE CONTESTAR, USTED NO COMPARECE CUANDO LE AVISE EL JUZGADO, PODRÍA DICTARSE UN FALLO EN REBELDÍA CONTRA USTED PARA QUE SE LE COBRE LOS DAÑOS Y PERJUICIOS U OTRO DESAGRAVIO QUE SE BUSQUE EN LA DEMANDA. SI ESTO OCURRE, PODRÍAN RETENERLE SUS INGRESOS, O PODRÍAN TOMAR SUS BIENES PERSONALES O RAÍCES Y VENDERLOS PARA PAGAR EL FALLO. SI USTED PRETENDE OPONERSE A ESTA ACCIÓN, *NO DEJE DE CONTESTAR LA DEMANDA DENTRO DEL PLAZO EXIGIDO*.

Si desea conversar con un abogado y le parece que no puede afrontar el costo de uno, llame pronto a una de nuestras oficinas del Legal Aid Society (202-628-1161) o el Neighborhood Legal Services (202-279-5100) para pedir ayuda o venga a la Oficina 5000 del 500 Indiana Avenue, N.W., para informarse de otros lugares donde puede pedir ayuda al respecto.

Vea al dorso el original en inglés
See reverse side for English original

CASUM.doc



**Superior Court of the District of Columbia**
CIVIL DIVISION
500 Indiana Avenue, N.W., Suite 5000
Washington, D.C. 20001 Telephone: (202) 879-1133

Claudia A. Barber
_____
                                Plaintiff

                vs.                                    Case Number   **2017 CA 004840 B**

District of Columbia Government
_____
                                Defendant

Serve on:
Mayor Muriel Bowser
1350 Pennsylvania Avenue, NW, Suite 316
Washington, DC 20004

**SUMMONS**

To the above named Defendant:

        You are hereby summoned and required to serve an Answer to the attached Complaint, either personally or through an attorney, within twenty (20) days after service of this summons upon you, exclusive of the day of service.  If you are being sued as an officer or agency of the United States Government or the District of Columbia Government, you have sixty (60) days after service of this summons to serve your Answer.  A copy of the Answer must be mailed to the attorney for the party plaintiff who is suing you.  The attorney's name and address appear below.  If plaintiff has no attorney, a copy of the Answer must be mailed to the plaintiff at the address stated on this Summons.

        You are also required to file the original Answer with the Court in Suite 5000 at 500 Indiana Avenue, N.W., between 8:30 a.m. and 5:00 p.m., Mondays through Fridays or between 9:00 a.m. and 12:00 noon on Saturdays. You may file the original Answer with the Court either before you serve a copy of the Answer on the plaintiff or within five (5) days after you have served the plaintiff. If you fail to file an Answer, judgment by default may be entered against you for the relief demanded in the complaint.

David A. Branch
_____
Name of Plaintiff's Attorney

1828 L Street, NW, Suite 820
_____
Address
Washington, DC 20036
_____

(202) 785-2805
_____
Telephone

*Clerk of the Court*

By _____
                                Deputy Clerk

Date   **07/17/2017**

如需翻译,请打电话 (202) 879-4828        Veuillez appeler au (202) 879-4828 pour une traduction        Để có một bản dịch, hãy gọi (202) 879-4828

번역을 원하시면, (202) 879-4828 로 전화주십시오        የአማርኛ ትርጉም ከፈለጉ (202) 879-4828 ይደውሉ

        IMPORTANT:  IF YOU FAIL TO FILE AN ANSWER WITHIN THE TIME STATED ABOVE, OR IF, AFTER YOU ANSWER, YOU FAIL TO APPEAR AT ANY TIME THE COURT NOTIFIES YOU TO DO SO, A JUDGMENT BY DEFAULT MAY BE ENTERED AGAINST YOU FOR THE MONEY DAMAGES OR OTHER RELIEF DEMANDED IN THE COMPLAINT.  IF THIS OCCURS, YOUR WAGES MAY BE ATTACHED OR WITHHELD OR PERSONAL PROPERTY OR REAL ESTATE YOU OWN MAY BE TAKEN AND SOLD TO PAY THE JUDGMENT.  IF YOU INTEND TO OPPOSE THIS ACTION, *DO NOT FAIL TO ANSWER WITHIN THE REQUIRED TIME.*

        If you wish to talk to a lawyer and feel that you cannot afford to pay a fee to a lawyer, promptly contact one of the offices of the Legal Aid Society (202-628-1161) or the Neighborhood Legal Services (202-279-5100) for help or come to Suite 5000 at 500 Indiana Avenue, N.W., for more information concerning places where you may ask for such help.

See reverse side for Spanish translation
Vea al dorso la traducción al español

FORM SUMMONS - Jan. 2011                                                                                    CASUM.doc





# TRIBUNAL SUPERIOR DEL DISTRITO DE COLUMBIA
## DIVISIÓN CIVIL
### 500 Indiana Avenue, N.W., Suite 5000
### Washington, D.C. 20001 Teléfono: (202) 879-1133

_____
                                    Demandante

contra

                                        Número de Caso: _____

_____
                                    Demandado

## CITATORIO

Al susodicho Demandado:

      Por la presente se le cita a comparecer y se le require entregar una Contestación a la Demanda adjunta, sea en persona o por medio de un abogado, en el plazo de veinte (20) días contados después que usted haya recibido este citatorio, excluyendo el día mismo de la entrega del citatorio. Si usted está siendo demandado en calidad de oficial o agente del Gobierno de los Estados Unidos de Norteamérica o del Gobierno del Distrito de Columbia, tiene usted sesenta (60) días contados después que usted haya recibido este citatorio, para entregar su Contestación. Tiene que enviarle por correo una copia de su Contestación al abogado de la parte demandante. El nombre y dirección del abogado aparecen al final de este documento. Si el demandado no tiene abogado, tiene que enviarle al demandante una copia de la Contestación por correo a la dirección que aparece en este Citatorio.

      A usted también se le require presentar la Contestación original al Tribunal en la Oficina 5000, sito en 500 Indiana Avenue, N.W., entre las 8:30 a.m. y 5:00 p.m., de lunes a viernes o entre las 9:00 a.m. y las 12:00 del mediodía los sábados. Usted puede presentar la Contestación original ante el Juez ya sea antes que Usted le entregue al demandante una copia de la Contestación o en el plazo de cinco (5) días de haberle hecho la entrega al demandante. Si usted incumple con presentar una Contestación, podría dictarse un fallo en rebeldía contra usted para que se haga efectivo el desagravio que se busca en la demanda.

                                        *SECRETARIO DEL TRIBUNAL*

_____
Nombre del abogado del Demandante

                            Por: _____
_____              Subsecretario
Dirección

_____

_____     Fecha _____
Teléfono

如需翻译,请打电话 (202) 879-4828    Veuillez appeler au (202) 879-4828 pour une traduction    Để có một bài dịch, hãy gọi (202) 879-4828

번역을 원하시면, (202) 879-4828 로 전화주십시요    የአማርኛ ትርጉም ለማግኘት (202) 879-4828 ይደውሉ

      IMPORTANTE: SI USTED INCUMPLE CON PRESENTAR UNA CONTESTACIÓN EN EL PLAZO ANTES MENCIONADO, O, SI LUEGO DE CONTESTAR, USTED NO COMPARECE CUANDO LE AVISE EL JUZGADO, PODRÍA DICTARSE UN FALLO EN REBELDÍA CONTRA USTED PARA QUE SE LE COBRE LOS DAÑOS Y PERJUICIOS U OTRO DESAGRAVIO QUE SE BUSQUE EN LA DEMANDA. SI ESTO OCURRE, PODRÍAN RETENERLE SUS INGRESOS, O PODRÍAN TOMAR SUS BIENES PERSONALES O RAÍCES Y VENDERLOS PARA PAGAR EL FALLO. SI USTED PRETENDE OPONERSE A ESTA ACCIÓN, *NO DEJE DE CONTESTAR LA DEMANDA DENTRO DEL PLAZO EXIGIDO*.

      Si desea converser con un abogado y le parece que no puede afrontar el costo de uno, llame pronto a una de nuestras oficinas del Legal Aid Society (202-628-1161) o el Neighborhood Legal Services (202-279-5100) para pedir ayuda o venga a la Oficina 5000 del 500 Indiana Avenue, N.W., para informarse de otros lugares donde puede pedir ayuda al respecto.

Vea al dorso el original en inglés
See reverse side for English original

CASUM.doc

# Superior Court of the District of Columbia

CIVIL DIVISION- CIVIL ACTIONS BRANCH

INFORMATION SHEET

Claudia A. Barber

Case Number: __2017 CA 004840 B__

vs

Date: __July 7, 2017__

District of Columbia Government, et. al

☐ One of the defendants is being sued
in their official capacity.

| | |
|---|---|
| Name: *(Please Print)*<br>David A. Branch | Relationship to Lawsuit |
| Firm Name:<br>Law Office of David A. Branch & Associates | ☐ Attorney for Plaintiff |
| Telephone No.:          Six digit Unified Bar No.:<br>(202) 785-2805          438764 | ☐ Self (Pro Se)<br>☐ Other: _____ |

TYPE OF CASE:   ☐ Non-Jury      ☐ 6 Person Jury      ☐ 12 Person Jury

Demand: $_____      Other: _____

PENDING CASE(S) RELATED TO THE ACTION BEING FILED

Case No.:_____   Judge: _____   Calendar #:_____

Case No.:_____   Judge: _____   Calendar#:_____

---

**NATURE OF SUIT:**      *(Check One Box Only)*

**A. CONTRACTS**                    **COLLECTION CASES**

☐ 01 Breach of Contract          ☐ 14 Under $25,000 Pltf. Grants Consent   ☐ 16 Under $25,000 Consent Denied
☐ 02 Breach of Warranty          ☐ 17 OVER $25,000 Pltf. Grants Consent    ☐ 18 OVER $25,000 Consent Denied
☐ 06 Negotiable Instrument       ☐ 27 Insurance/Subrogation                ☐ 26 Insurance/Subrogation
☐ 07 Personal Property               Over $25,000 Pltf. Grants Consent          Over $25,000 Consent Denied
☐ 13 Employment Discrimination   ☐ 07 Insurance/Subrogation                ☐ 34 Insurance/Subrogation
☐ 15 Special Education Fees          Under $25,000 Pltf. Grants Consent         Under $25,000 Consent Denied
                                 ☐ 28 Motion to Confirm Arbitration
                                     Award (Collection Cases Only)

---

**B. PROPERTY TORTS**

☐ 01 Automobile               ☐ 03 Destruction of Private Property    ☐ 05 Trespass
☐ 02 Conversion               ☐ 04 Property Damage
☐ 07 Shoplifting, D.C. Code § 27-102 (a)

---

**C. PERSONAL TORTS**

☐ 01 Abuse of Process            ☐ 10 Invasion of Privacy            ☐ 17 Personal Injury- (Not Automobile,
☐ 02 Alienation of Affection     ☐ 11 Libel and Slander                  Not Malpractice)
☐ 03 Assault and Battery         ☐ 12 Malicious Interference         ☐ 18 Wrongful Death (Not Malpractice)
☐ 04 Automobile- Personal Injury ☐ 13 Malicious Prosecution         ☐ 19 Wrongful Eviction
☐ 05 Deceit (Misrepresentation)  ☐ 14 Malpractice Legal             ☐ 20 Friendly Suit
☐ 06 False Accusation            ☐ 15 Malpractice Medical (Including Wrongful Death) ☐ 21 Asbestos
☐ 07 False Arrest                ☐ 16 Negligence- (Not Automobile,  ☐ 22 Toxic/Mass Torts
☐ 08 Fraud                           Not Malpractice)               ☐ 23 Tobacco
                                                                    ☐ 24 Lead Paint

SEE REVERSE SIDE AND CHECK HERE          IF USED

CV-496/June 2015

# Information Sheet, Continued

## C. OTHERS

- [ ] 01 Accounting
- [ ] 02 Att. Before Judgment
- [ ] 05 Ejectment
- [ ] 09 Special Writ/Warrants
  - (DC Code § 11-941)
- [ ] 10 Traffic Adjudication
- [ ] 11 Writ of Replevin
- [ ] 12 Enforce Mechanics Lien
- [ ] 16 Declaratory Judgment

- [ ] 17 Merit Personnel Act (OEA)
  - (D.C. Code Title 1, Chapter 6)
- [ ] 18 Product Liability

- [ ] 24 Application to Confirm, Modify,
  - Vacate Arbitration Award (DC Code § 16-4401)
- [ ] 29 Merit Personnel Act (OHR)
- [ ] 31 Housing Code Regulations
- [ ] 32 Qui Tam
- [ ] 33 Whistleblower

## II.

- [ ] 03 Change of Name
- [ ] 06 Foreign Judgment/Domestic
- [ ] 08 Foreign Judgment/International
- [ ] 13 Correction of Birth Certificate
- [ ] 14 Correction of Marriage
  - Certificate
- [ ] 26 Petition for Civil Asset Forfeiture (Vehicle)
- [ ] 27 Petition for Civil Asset Forfeiture (Currency)
- [ ] 28 Petition for Civil Asset Forfeiture (Other)

- [ ] 15 Libel of Information
- [ ] 19 Enter Administrative Order as
  - Judgment [ D.C. Code §
  - 2-1802.03 (h) or 32-151 9 (a)]
- [ ] 20 Master Meter (D.C. Code §
  - 42-3301, et seq.)

- [ ] 21 Petition for Subpoena
  - [Rule 28-I (b)]
- [ ] 22 Release Mechanics Lien
- [ ] 23 Rule 27(a)(1)
  - (Perpetuate Testimony)
- [ ] 24 Petition for Structured Settlement
- [ ] 25 Petition for Liquidation

## D.  REAL PROPERTY

- [ ] 09 Real Property-Real Estate
- [ ] 12 Specific Performance
- [ ] 04 Condemnation (Eminent Domain)
- [ ] 10 Mortgage Foreclosure/Judicial Sale
- [ ] 11 Petition for Civil Asset Forfeiture (RP)

- [ ] 08 Quiet Title
- [ ] 25 Liens: Tax / Water Consent Granted
- [ ] 30 Liens: Tax / Water Consent Denied
- [ ] 31 Tax Lien Bid Off Certificate Consent Granted

_____
Attorney's Signature

_____
7/7/17
Date

CV-496/ June 2015



# SUPERIOR COURT OF THE DISTRICT OF COLUMBIA
## CIVIL DIVISION

CLAUDIA A. BARBER

Vs.                                                    C.A. No.        2017 CA 004840 B

DISTRICT OF COLUMBIA GOVERNMENT et al

## INITIAL ORDER AND ADDENDUM

     Pursuant to D.C. Code § 11-906 and District of Columbia Superior Court Rule of Civil Procedure ("SCR Civ") 40-I, it is hereby **ORDERED** as follows:

     (1) Effective this date, this case has assigned to the individual calendar designated below. All future filings in this case shall bear the calendar number and the judge's name beneath the case number in the caption. On filing any motion or paper related thereto, one copy (for the judge) must be delivered to the Clerk along with the original.

     (2) Within 60 days of the filing of the complaint, plaintiff must file proof of serving on each defendant: copies of the Summons, the Complaint, and this Initial Order. As to any defendant for whom such proof of service has not been filed, the Complaint will be dismissed without prejudice for want of prosecution unless the time for serving the defendant has been extended as provided in SCR Civ 4(m).

     (3) Within 20 days of service as described above, except as otherwise noted in SCR Civ 12, each defendant must respond to the Complaint by filing an Answer or other responsive pleading. As to the defendant who has failed to respond, a default and judgment will be entered unless the time to respond has been extended as provided in SCR Civ 55(a).

     (4) At the time and place noted below, all counsel and unrepresented parties shall appear before the assigned judge at an Initial Scheduling and Settlement Conference to discuss the possibilities of settlement and to establish a schedule for the completion of all proceedings, including, normally, either mediation, case evaluation, or arbitration. Counsel shall discuss with their clients **prior** to the conference whether the clients are agreeable to binding or non-binding arbitration. **This order is the only notice that parties and counsel will receive concerning this Conference.**

     (5) Upon advice that the date noted below is inconvenient for any party or counsel, the Quality Review Branch (202) 879-1750 may continue the Conference **once**, with the consent of all parties, to either of the two succeeding Fridays. Request must be made not less than six business days before the scheduling conference date. No other continuance of the conference will be granted except upon motion for good cause shown.

     (6) Parties are responsible for obtaining and complying with all requirements of the General Order for Civil cases, each Judge's Supplement to the General Order and the General Mediation Order. Copies of these orders are available in the Courtroom and on the Court's website http://www.dccourts.gov/.

                              Chief Judge Robert E. Morin

Case Assigned to: Judge ELIZABETH WINGO
Date:  July 17, 2017
Initial Conference: 9:30 am, Friday, October 13, 2017
Location:   Courtroom A-47
          515 5th Street NW
          WASHINGTON, DC  20001

Caio.doc

## ADDENDUM TO INITIAL ORDER AFFECTING
## ALL MEDICAL MALPRACTICE CASES

In accordance with the Medical Malpractice Proceedings Act of 2006, D.C. Code § 16-2801, et seq. (2007 Winter Supp.), "[a]fter an action is filed in the court against a healthcare provider alleging medical malpractice, the court shall require the parties to enter into mediation, without discovery or, if all parties agree[,] with only limited discovery that will not interfere with the completion of mediation within 30 days of the Initial Scheduling and Settlement Conference ("ISSC"), prior to any further litigation in an effort to reach a settlement agreement.  The early mediation schedule shall be included in the Scheduling Order following the ISSC.  Unless all parties agree, the stay of discovery shall not be more than 30 days after the ISSC." D.C. Code § 16-2821.

To ensure compliance with this legislation, on or before the date of the ISSC, the Court will notify all attorneys and *pro se* parties of the date and time of the early mediation session and the name of the assigned mediator.  Information about the early mediation date also is available over the internet at https://www.dccourts.gov/pa/.  To facilitate this process, all counsel and *pro se* parties in every medical malpractice case are required to confer, jointly complete and sign an EARLY MEDIATION FORM, which must be filed no later than ten (10) calendar days prior to the ISSC.  Two separate Early Mediation Forms are available.  Both forms may be obtained at www.dccourts.gov/medmalmediation.  One form is to be used for early mediation with a mediator from the multi-door medical malpractice mediator roster; the second form is to be used for early mediation with a private mediator.  Both forms also are available in the Multi-Door Dispute Resolution Office, Suite 2900, 410 E Street, N.W.  Plaintiff's counsel is responsible for eFiling the form and is required to e-mail a courtesy copy to earlymedmal@dcsc.gov.  *Pro se* Plaintiffs who elect not to eFile may file by hand in the Multi-Door Dispute Resolution Office.

A roster of medical malpractice mediators available through the Court's Multi-Door Dispute Resolution Division, with biographical information about each mediator, can be found at www.dccourts.gov/medmalmediation/mediatorprofiles.  All individuals on the roster are judges or lawyers with at least 10 years of significant experience in medical malpractice litigation. D.C. Code § 16-2823(a).  If the parties cannot agree on a mediator, the Court will appoint one. D.C. Code § 16-2823(b).

The following persons are required by statute to attend personally the Early Mediation Conference: (1) all parties; (2) for parties that are not individuals, a representative with settlement authority; (3) in cases involving an insurance company, a representative of the company with settlement authority; and (4) attorneys representing each party with primary responsibility for the case.  D.C. Code § 16-2824.

No later than ten (10) days after the early mediation session has terminated, Plaintiff must eFile with the Court a report prepared by the mediator, including a private mediator, regarding: (1) attendance; (2) whether a settlement was reached; or, (3) if a settlement was not reached, any agreements to narrow the scope of the dispute, limit discovery, facilitate future settlement, hold another mediation session, or otherwise reduce the cost and time of trial preparation. D.C. Code§ 16-2826.  Any Plaintiff who is *pro se* may elect to file the report by hand with the Civil Clerk's Office.  The forms to be used for early mediation reports are available at www.dccourts.gov/medmalmediation.

Chief   Judge   Robert   E.   Morin

Caio.doc

**SUPERIOR COURT OF THE DISTRICT OF COLUMBIA**
**Civil Division**

| | |
|---|---|
| **CLAUDIA A. BARBER** ) | |
| ) | |
| *Plaintiff,* ) | |
| ) | |
| **v.** ) | **Case No.: 2017 CA 004840 B** |
| ) | |
| ) | |
| **DISTRICT OF COLUMBIA GOVERNMENT** ) | |
| ) | |
| **and** ) | |
| ) | |
| **EUGENE ADAMS** ) | |
| ) | |
| *Defendants.* ) | |
| ) | |

**WAIVER OF THE SERVICE OF SUMMONS**

To: David A. Branch

      I have received your request to waive service of a summons in this action along with a copy of the complaint, a copy of all summonses, the Civil Division Information Sheet, and the Initial Order and Addendum.

      I, or the entity I represent, agree to save the expense of serving a summons and complaint in this case.

      I understand that I, or the entity I represent, will keep all defenses or objections to the lawsuit, the court's jurisdiction, and the venue of the action, but that I waive any objections to the absence of a summons or of service.

      I also understand that I, or the entity I represent, must file and serve an answer or a motion under Rule 12 within 60 days from August 17, 2017, the date when the complaint, a copy of all summonses, the Civil Division Information Sheet, and the Initial Order and Addendum were received. If I fail to do so, a default judgment will be entered against me or the entity I represent.

District of Columbia Government and Eugene Adams
*Printed name of party waiving service of summons*

1

Date:  September 4, 2017                             Respectfully submitted,

                                            KARL A. RACINE
                                            Attorney General for the District of Columbia

                                            GEORGE C. VALENTINE
                                            Deputy Attorney General
                                            Civil Litigation Division

                                            *s/ Sarah L. Knapp*
                                            SARAH L. KNAPP [470008]
                                            Chief, Civil Litigation Division, Section III

                                            *s/ Kerslyn D. Featherstone*
                                            KERSLYN D. FEATHERSTONE [478758]
                                            Assistant Attorney General
                                            Civil Litigation Division, Section II
                                            441 4th Street NW, Suite 630 South
                                            Washington, D.C. 20001
                                            Phone: (202) 724-6600
                                            Fax: (202) 741-8924
                                            Email:  kerslyn.featherstone@dc.gov

                                            *s/ Cara J. Spencer*
                                            CARA J. SPENCER [1023182]
                                            Assistant Attorney General
                                            Civil Litigation Division, Section III
                                            441 Fourth Street, NW, Suite 600 South
                                            Washington, D.C.  20001
                                            Phone:  202-442-9754
                                            Fax:  202-741-0431
                                            cara.spencer@dc.gov

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on this 11th day of September 2017, I caused a copy of the foregoing

to be served electronically on counsel for the Defendants listed below:

Cara Spencer
Assistant Attorney General
Civil Litigation Division
Office of the Attorney General for the District of Columbia
441 Fourth Street, NW, Suite 600 South
Washington, D.C. 20001
(202) 442-9754
(202) 741-0431 (fax)
cara.spencer@dc.gov

\_\_\_\_\_/s/_____
David A. Branch